## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02779-RM-NYW

EXTRACTION OIL & GAS, INC.,

  Plaintiff,

v.

THE CITY AND COUNTY OF BROOMFIELD,

  Defendant.

---

## ORDER GRANTING MOTION TO AMEND

---

Magistrate Judge Nina Y. Wang

  This matter is before the court on Extraction's Opposed Motion for Leave to File Second Amended and Supplemental Complaint (the "Motion" or "Motion to Amend"). [Doc. 66]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated October 27, 2020 [Doc. 17] and the Memorandum dated February 3, 2022. [Doc. 68]. Upon review of the Motion and the related briefing, the entire docket, and the applicable case law, the Motion to Amend is **GRANTED**.

## BACKGROUND

  Plaintiff Extraction Oil & Gas, Inc. ("Plaintiff" or "(Extraction") operates six oil and gas well sites in Broomfield, Colorado. [Doc. 29 at ¶ 1]. Relevant here, Extraction alleges that it is the successor-in-interest to two agreements with the City and County of Broomfield ("Defendant" or "Broomfield") regarding the drilling and development of multiple oil and gas wells within the city: the Sovereign Operator Agreement and the Operator Agreement. *See* [*id.* at ¶¶ 1-2, 14-19]. Generally, Extraction alleges that Broomfield sought to terminate Extraction's operations through enforcement of a "special noise" ordinance (the "Noise Ordinance") that applied only to

Extraction.  *See* [*id.* at ¶¶ 82-83, 91-107].  According to Extraction, despite agreeing to a specific noise level for Extraction's operations, Broomfield prosecuted Extraction for violating the Noise Ordinance, resulting in municipal court criminal proceedings titled *Broomfield v. Extraction*, Municipal Court Case Nos. 20M800107, 20M800108, 20M800109, 20M800120, 20M800153, 20M800169, 20M800187, 20M800188, and 20M800189 (collectively, the "Municipal Court proceedings").  *See* [*id.* at ¶¶ 115-23].  On or about October 6 or 7, 2020, the Municipal Court held a bench trial and concluded that the Noise Ordinance applied to Extraction, thereby convicting Extraction on all violations of the Noise Ordinance.  *See* [*id.* at ¶¶ 130-38].  Extraction appealed the Municipal Court's ruling to the Broomfield County District Court on or about November 10, 2020.  [*Id.* at ¶¶ 140-41].

Extraction alleges that Broomfield's conduct has caused Extraction to lose millions of dollars from its wells.  [*Id.* at ¶¶ 142-44].  As a result, Extraction initiated this federal action against Broomfield on September 14, 2020, [Doc. 1], and filed an Amended Complaint as a matter of right on November 16, 2020.  [Doc. 29].[1]  In its Amended Complaint, Extraction asserts the following claims: (1) a declaratory judgment claim seeking a declaration that its rights under the Operator Agreement are vested rights and cannot be impaired via subsequently adopted legislation ("Claim One"), [*id.* at 42]; (2) a breach of contract claim arising out of Paragraph 12 of the Operator Agreement ("Claim Two"), [*id.* at 43]; (3) a breach of contract claim arising out of Paragraph 27 of the Operator Agreement ("Claim Three"), [*id.*]; (4) a breach of contract claim based on the covenant of good faith and fair dealing ("Claim Four"), [*id.* at 44]; (5) a claim under 42 U.S.C. §

---

[1] The Amended Complaint was filed after Broomfield filed its "Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)" [Doc. 19], which the presiding judge denied as moot upon the filing of the Amended Complaint.  [Doc. 30].

1983 asserting a violation of Extraction's vested rights under the Contracts Clause and the Equal Protection Clause ("Claim Five"), [*id.* at 46]; and (6) a declaratory judgment claim seeking a declaration that any impairment of Extraction's operations by Broomfield through the Noise Ordinance constitutes a regulatory taking ("Claim Six").  [*Id.* at 47].  Broomfield filed a Renewed Motion to Dismiss Pursuant to Rule 12(b)(1) and (6) (the "Motion to Dismiss") on November 30, 2020.  [Doc. 33].

This court held a Scheduling Conference on December 17, 2020 and entered the Scheduling Order the same day, setting the deadline for amendment of pleadings to February 19, 2021.  [Doc. 40 at 10].  Meanwhile, Broomfield filed a Motion to Stay Discovery on December 11, 2020, [Doc. 36], which was opposed by Plaintiff.  [Doc. 43].  The Motion to Stay Discovery was referred to the undersigned, *see* [Doc. 37], and on January 19, 2021, this court stayed discovery in this matter, finding that the various jurisdictional arguments raised by Broomfield in its Motion to Dismiss warranted a stay of discovery.  [Doc. 49].

On December 17, 2021, this court held a Status Conference, at which time Extraction informed the court of its intent to file an amended pleading.  [Doc. 61].  As indicated in Extraction's Status Report filed December 17, 2021, the Broomfield County District Court reversed Extraction's convictions for violations of the Noise Ordinance on September 28, 2021, and on remand, the prosecutions were dismissed.  [Doc. 60 at 3].  Plaintiff indicated that it and Broomfield were working to reach an agreement to obviate the need for further litigation, but represented that if an agreement were not reached, Plaintiff intended to file an amended pleading which "may add claims to recover the substantial attorney fees incurred in defending against Broomfield's noise prosecutions, and otherwise refine Extraction's claims in this action in light of the disposition of the noise prosecutions."  [*Id.*].

Extraction filed the instant Motion to Amend on February 3, 2022. [Doc. 66]. In the Motion, Extraction seeks leave to (1) amend its Amended Complaint in light of the dismissal of Extraction's criminal convictions—namely, to remove its discussion of the *Younger* abstention doctrine, withdraw Claim Six, and assert a single breach of contract claim; and (2) supplement its Amended Complaint to add "several important and relevant facts" reflecting developments in this case since the Amended Complaint was filed and to "add[] malicious prosecution as an additional theory for recovering its fees and costs." [*Id.* at 3].

Upon review of the Proposed Second Amended Complaint, the court observes that Extraction seeks to add two new malicious prosecution claims—one arising under federal law and the other under state law, [Doc. 67 at 38-43], and also seeks to narrow the basis of its current Claim Five to the Equal Protection Clause, removing references to the Contracts Clause.[2] [*Id.* at 63]. Moreover, Extraction seeks to change the basis of its "vested rights" § 1983 claim, no longer seeking a judgment that Broomfield cannot impair Extraction's vested rights "through subsequently adopted legislation," *see* [Doc. 29 at ¶ 162], but now seeking a declaration that Broomfield's "shutdown efforts . . . were undertaken in violation of Extraction's protected property rights under the federal constitution." [Doc. 67 at ¶ 193]. The court ordered expedited briefing on the Motion to Amend, *see* [Doc. 70; Doc. 72], and the Motion is now fully briefed. [Doc. 71; Doc. 73]. I consider the Parties' arguments below.

---

[2] In other words, the Proposed Second Amended Complaint purports to assert the following claims: (1) breach of contract ("Proposed Claim One"); (2) malicious prosecution under state law ("Proposed Claim Two"); (3) malicious prosecution under federal law ("Proposed Claim Three"); (4) a § 1983 claim seeking a declaratory judgment that its rights under the Operator Agreement are "vested rights" that were violated by Broomfield's "shutdown efforts" ("Proposed Claim Four"); and (5) a § 1983 claim seeking a declaratory judgment that Extraction's equal-protection rights were violated ("Proposed Claim Five"). [Doc. 67 at 38-43].

## LEGAL STANDARD

This court stayed discovery prior to the expiration of the deadline to amend pleadings. [Doc. 49].  If a party files a motion to amend prior to the expiration of the deadline for joinder of parties and amendment of pleadings, Rule 15(a) alone governs whether to grant the movant leave to amend.  *See Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000).  Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the proposed amendment.  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  A proposed amendment is futile if the amended complaint would be subject to dismissal for any reason.  *See Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001).  Ultimately, whether to allow amendment is within the trial court's discretion.  *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

With respect to supplementation of a pleading, the Federal Rules of Civil Procedure provide:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events."  *Walker v. UPS*, 240 F.3d 1268, 1278 (10th Cir. 2001).  The court applies "the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)."  *Southwest*

*Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F.Supp.2d 1253, 1256 (D. Colo. 2003).

## ANALYSIS

Broomfield primarily opposes Extraction's Motion to Amend on futility grounds. *See generally* [Doc. 71]. Broomfield argues that (1) Extraction's proposed malicious prosecution claims fail to state a claim for relief because Broomfield had probable cause to cite Extraction for violating the Noise Ordinance, [*id.* at 4-5]; (2) Extraction's Proposed Claim Four under § 1983 is not supported by any federal or constitutional provision, [*id.* at 6]; and (3) the Proposed Claim Five, which asserts a violation of the Equal Protection Clause, fails to state a claim for relief. [*Id.* at 10]. In addition, Broomfield argues that good cause exists to deny the Motion to Amend because permitting amendment would moot the pending Motion to Dismiss, which will, in turn, preclude "prompt[] ruling on the viability [of] the claims Extraction pled in the" Amended Complaint. [*Id.* at 11]. Broomfield maintains that Extraction should not be permitted to amend its pleading "every time Broomfield acts, or contemplates action." [*Id.* at 12].

Extraction responds that "[a]t this stage, . . . it is not appropriate to assess the sufficiency of the complaint. Instead, at this juncture, the court's review must be limited to whether leave should be granted to file the amended complaint." [Doc. 73 at 2]. Nevertheless, Extraction asserts that its proposed Second Amended Complaint contains "carefully stated factual allegations that are neither conclusory nor speculative in nature," demonstrating "specific factual instances where Extraction has been harmed and has incurred damages." [*Id.*]. It thus argues that its malicious prosecution and § 1983 claims are sufficient to state a claim. [*Id.* at 2-9].

I.   **Futility of Amendment**

   A.   **This Court's Role in Assessing Futility**

As a preliminary matter, because Broomfield's arguments are focused on the potential futility of amendment, the court finds it appropriate to discuss the appropriate scope of this court's role in assessing futility of amendment in this case.  "The relevant standard in determining whether claims are futile is the same standard that is applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  *Dorough v. Am. Family Mut. Ins. Co.*, No. 15-cv-02388-MSK-KMT, 2016 WL 1426968, at *2 (D. Colo. Apr. 11, 2016).  Courts within this District, especially those working in a referral capacity, have sometimes declined to address futility arguments raised in Rule 15(a) motions, finding such arguments more appropriately raised and developed in motions filed under Rule 12(b)(6).  *See, e.g.*, *Swanson v. N. Light Specialty Ins. Co.*, No. 20-cv-03778-RMR-NRN, 2022 WL 500294, at *5 (D. Colo. Feb. 18, 2022); *Faircloth v. Hickenlooper*, No. 18-cv-01249-RM-STV, 2019 WL 1002935, at *3 (D. Colo. Mar. 1, 2019); *Int'l Bhd. of Elec. Workers, Loc. #111 v. Pub. Serv. Co. of Colo.*, No. 12-cv-01694-PAB-MEH, 2015 WL 4036180, at *4 (D. Colo. July 1, 2015); *see also Ransaw v. Hilkey*, No. 20-cv-03584-NYW, 2021 WL 5068021, at *5 (D. Colo. Aug. 25, 2021).

Indeed, "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."  *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008); *but see Hernandez v. Valley View Hosp. Ass'n*, No. 10-cv-00455-REB-MJW, 2010 WL 5157310, at *1 n.3 (D. Colo. Dec. 14, 2010) (disavowing the notion that futility arguments "put the cart before the horse" because it delays evaluation of the inevitable motion to dismiss the amended pleading).  In cases such as these, the court may limit its analysis to whether the proposed amendment is "patently" futile, deferring determinations requiring more in-depth analysis for motions under Rule 12(b)(6).  *See, e.g.*, *Romero v. Reams*,

No. 18-cv-02575-RM-NRN, 2020 WL 6044323, at *5 (D. Colo. Oct. 13, 2020) (declining to address futility arguments in "abbreviated" Rule 15(a) briefing).  "[T]he better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised."  *Id.* (quoting *Agere Sys. Guardian Corp. v. Proxim, Inc*., 190 F. Supp. 2d. 726 (D. Del. 2002)).

The court agrees with the course of action taken in these cases and concludes that "the most prudent course of action is to defer the Parties' futility arguments for resolution of any forthcoming motions to dismiss the [Second] Amended Complaint."  *Ransaw*, 2021 WL 5068021, at *5.  In reaching this decision, the court is mindful that Judge Moore has not referred the pending Motion to Dismiss to the undersigned for recommendation, and thus, questions of the sufficiency of Plaintiff's current operative pleading are not before this court.  "Considering that the denial of a motion to amend is a dispositive issue that may be only *recommended* by this Court, proceeding under Rule 12 may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b)."  *Int'l Bhd. of Elec. Workers*, 2015 WL 4036180, at *4.  Moreover, the court notes that "briefing on the issue of futility with respect to the proposed amendments purports to address multiple issues in a necessarily abbreviated fashion."  *Ransaw*, 2021 WL 5068021, at *5.  Indeed, Broomfield spends a significant portion of its Response arguing that Plaintiff cannot state a claim under the Takings Clause, *see* [Doc. 71 at 6-10], although Extraction has disavowed this once-asserted theory of relief.  [*Id.* at 6]; *see also* [Doc. 66 at 3-4]; *cf. Romero*, 2020 WL 6044323, at *5 ("This briefing has necessarily been abbreviated because so much of the argument has been devoted to questions of undue delay and prejudice.").  The court is disinclined to enter a recommendation assessing the sufficiency of the proposed amendments absent fully developed arguments from the Parties.  Accordingly, while the court will assess whether Plaintiff's proposed amendments are

patently futile on their face, the court reserves any ruling on the merits of the anticipated claims to the presiding judge, should a motion under Rule 12(b)(6) be filed.

**B.      Malicious Prosecution Claims**

Extraction seeks to amend its pleading to assert both state and federal malicious prosecution claims. *See* [Doc. 67 at 39-40].  To state a claim for malicious prosecution, a plaintiff must allege (1) the defendant caused the plaintiff's continued prosecution; (2) the original action terminated in the plaintiff's favor; (3) the original prosecution was not supported by probable cause; (4) the defendant acted with malice; and (5) the plaintiff was damaged. *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).  Broomfield contends that Plaintiff's proposed amendment would be futile because Extraction's allegations are insufficient to demonstrate a lack of probable cause for the Noise Ordinance prosecutions.  [Doc. 71 at 4].

"The 'probable cause' standard is incapable of precise definition or quantification because it deals with probabilities and depends upon the totality of the circumstances." *Harris v. Com. City*, No. 09-cv-01728-MSK-KMT, 2010 WL 3307465, at *6 (D. Colo. Aug. 18, 2010) (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)); *see also Gomez v. Martin*, 593 F. App'x 756, 758 (10th Cir. 2014) ("Probable cause is a 'common-sensical standard' that is 'not reducible to precise definition or quantification.'") (quoting *Florida v. Harris*, 568 U.S. 237, 243 (2013)).

In its proposed Second Amended Complaint,[3] Extraction alleges that "Broomfield lacked probable cause to bring the [charges for violating the] Noise Ordinance for many reasons,

---

[3] In its Reply, Extraction asserts many facts that are not accompanied by citations to the Proposed Second Amended Complaint and which do not appear to be readily found in the Proposed Second Amended Complaint.  *See* [Doc. 73 at 4-6].  The court cannot consider facts not contained in the Proposed Second Amended Complaint in assessing whether the proposed amendment would be futile.

including that the Noise Ordinance did not apply to Extraction per the Operator Agreement." [Doc. 67 at ¶ 181]. It asserts that the Noise Ordinance did not apply to Extraction's operations because it applied only to "industrial uses" and Extraction's operations did not constitute "industrial use," [*id.* at ¶ 101], and that Extraction "reminded" Broomfield that the Noise Ordinance was inapplicable to its operations. [*Id.* at ¶ 125]. It further alleges that Broomfield enacted the Noise Ordinance in a targeted effort to shut down Extraction's operations, solicited noise complaints from city residents, and relied upon "fabricated" or otherwise inaccurate noise complaints in its prosecutions of Extraction. [*Id.* at ¶¶ 88, 92-93, 95, 98, 124].

The court finds that the proposed malicious prosecution claims are not patently futile. Courts have concluded, for example, that a plaintiff may allege a lack of probable cause by asserting that a defendant failed to conduct a reasonable investigation, *see Chavez-Torres v. City of Greeley*, No. 14-cv-01187-RBJ, 2015 WL 1850648, at *4 (D. Colo. Apr. 21, 2015); that a defendant "sought to 'find a reason'" to arrest a plaintiff, *Craft v. Wright*, No. CV 17-0469 JCH/SMV, 2018 WL 4621738, at *3 (D.N.M. Sept. 26, 2018); or that a charge was based on conduct that was legal. *Mata v. Anderson*, 685 F. Supp. 2d 1223, 1272 (D.N.M. 2010), *aff'd*, 635 F.3d 1250 (10th Cir. 2011). Accordingly, the addition of the malicious prosecution claims in the proposed Second Amended Complaint does not patently appear futile, and this requested amendment will be permitted. In so finding, the court expressly does not pass on the sufficiency of Extraction's allegations, a determination which is reserved for the presiding judge.

## C.    Section 1983 Claims

Next, Broomfield argues that amendment of Extraction's claims for declaratory relief under 42 U.S.C. § 1983—Proposed Claims Four and Five—would be futile. *See, e.g.*, [Doc. 71 at 6]. Proposed Claim Four seeks a declaration that Extraction's rights under the Operator Agreement

are "vested rights" and that Broomfield's actions violated "Extraction's protected property rights under the federal constitution." [Doc. 67 at ¶ 193]. Extraction also seeks "a preclearance injunction enjoining Broomfield from enacting any law or taking any action that would shut down or otherwise impair Extraction's operations under the Operator Agreement without first obtaining this Court's approval for such law or action." [*Id.* at ¶ 195]. As a preliminary matter, the court declines to address Broomfield's argument in which it construes Plaintiff's Proposed Claim Four as arising under the Takings Clause of the Fifth Amendment. *See* [Doc. 71 at 6-10]. Extraction has expressly disavowed the assertion of such a claim, *see* [Doc. 66 at 3-4; Doc. 73 at 7], and the court accepts Extraction's representations that Proposed Claim Four is not a "regulatory takings claim." *See* [Doc. 66 at 3].[4]

Broomfield argues that amendment to allow Proposed Claim Four would be futile because "there is no federal statute which protects vested rights," and that vested rights are instead "a creature of state statue." [Doc. 71 at 6]. Broomfield maintains that Extraction's "passing reference to the Contracts Clause and the Fourteenth Amendment in the claim's prefatory statement . . . without further development of any kind, is not sufficient to maintain a claim for relief under either constitutional provision." [*Id.*]. Extraction does not respond to this argument. *See generally* [Doc. 73]. Instead, Plaintiff states that its "requested relief is simple: declare that Extraction's oil and gas development rights . . . are vested property rights." [*Id.* at 7]. But Extraction cites no legal authority in support of Proposed Claim Four, nor does Extraction clarify the legal basis for its proposed claim. *See generally* [*id.*].

---

[4] In any event, Broomfield's takings arguments are substantially similar, and in some ways identical, to the arguments raised in the Motion to Dismiss. *See* [Doc. 33 at 7-13]. These arguments are more appropriately adjudicated by the presiding judge. *Int'l Bhd. of Elec. Workers*, 2015 WL 4036180, at *4.

11

The court respectfully agrees with Broomfield that the exact legal basis for Proposed Claim Four is unclear. Although Extraction states in the Proposed Second Amended Complaint that its rights under the Operator Agreement are "vested rights that cannot be impaired by Broomfield under federal law," citing to "U.S. Constitution Article I Section 10 and Fifth and Fourteenth Amendments," *see* [Doc. 67 at ¶ 188], these broad references to constitutional provisions or amendments do not plainly set forth the basis for the claim. Moreover, Plaintiff's allegations in support of Proposed Claim Four do not clearly suggest the legal basis for this claim. *See* [Doc. 67 at ¶¶ 187-95].[5]

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quotation omitted). "The first step" in asserting a § 1983 claim "is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Broomfield is correct that a claim which fails to adequately set forth its legal basis may ultimately be subject to dismissal. *See 49Hopkins, LLC v. City & Cty. of San Francisco*, No. 19-cv-00811-SI, 2020 WL 978608, at *5 (N.D. Cal. Feb. 28, 2020) (dismissing § 1983 claim asserting a violation of the plaintiff's "fundamental vested rights protected by the U.S. Constitution" where the plaintiff "fail[ed] to specify on which constitutional provision or federal statute it base[d] this claim."); *see also Parker v. WI Waterstone, LLC*, 790 F. App'x 926, 929 (10th Cir. 2019) (affirming dismissal

---

[5] The court notes, as Broomfield observed, that several of Plaintiff's allegations may suggest a claim arising under the Takings Clause, which Plaintiff has expressly disclaimed. *See, e.g.*, [Doc. 67 at ¶ 193 (alleging that Broomfield "never indicated a willingness . . . [to pay] Extraction just compensation for all of the development rights that Broomfield would effectively take by shutting down Extraction's operations") (emphasis added); *id*. at ¶ 190 ("The Operator Agreement does not prevent Broomfield from exercising its police power to protect the health, safety and welfare of its residents.")]; *see also* [Doc. 66 at 3-4; Doc. 73 at 7].

where "the complaint reference[d] the Fourth and Fourteenth Amendments" but did not "explain how they were violated."); *cf. Ervin v. Nw. Rogers Cty. Fire Prot. Dist.*, No. 09-cv-0468-CVE-TLW, 2009 WL 3756494, at *2 (N.D. Okla. Nov. 5, 2009) (ordering amended complaint where the plaintiff did not "identify the federally-protected rights that form the legal basis for her § 1983 claims").

However, as the party contesting amendment, Broomfield bears the burden of demonstrating futility. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020). While Broomfield argues that "there is no federal statute that protects vested rights," [Doc. 71 at 6], the court notes that the Fourteenth Amendment, for example, can protect some state-created rights, *see Hillcrest Prop., LLP v. Pasco Cty.*, 915 F.3d 1292, 1299 (11th Cir. 2019), and thus, the court is not convinced of the *patent* futility of Proposed Claim Four on this basis. Although Plaintiff has not clearly articulated the basis for its claim, and it will be Plaintiff's duty to demonstrate the viability of its claims on any potential forthcoming dispositive motions, the court does not find it appropriate to make potentially claim-dispositive assumptions as to the legal basis of Proposed Claim Four, particularly where the arguments asserting futility are abbreviated. For all of these reasons, the court is respectfully unable to conclude at this juncture that Proposed Claim Four is *patently* futile, reserving any further determinations about the sufficiency of Plaintiff's pleadings to the presiding judge. *Int'l Bhd. of Elec. Workers*, 2015 WL 4036180, at *4.

Finally, Broomfield argues that Extraction's Proposed Claim Five is futile because it fails to state an equal protection claim. The court respectfully disagrees. Broomfield's futility argument is premised on the arguments it raised in its Motion to Dismiss. *See* [Doc. 71 at 10, 11 ("Extraction alleges no new facts that speak to the equal protection analysis [in response to the

13

Motion to Dismiss]. The allegations in the proposed SAC, which are identical to those in the FAC, do not state a facial class-of-one challenge to the Ordinance.")]. But the arguments asserted in the Motion to Dismiss are not before this court, nor have they been ruled on by the presiding judge. *See* [Doc. 33]. The court cannot pass on arguments not before the court, and accordingly, the court cannot conclude that the facts alleged in Proposed Claim Five are patently unable to state an equal protection claim.

## II.   Undue Prejudice

In the alternative, Broomfield argues that good cause exists to deny the Motion to Amend because the Motion to Dismiss is fully briefed and, if amendment were permitted, the Motion to Dismiss would be rendered moot, frustrating the prompt ruling on Plaintiff's claims. [Doc. 71 at 12]. The court construes this argument as an assertion that Broomfield will be unduly prejudiced if leave to amend were granted.

While the court understands the desire to resolve the Parties' dispute, the court respectfully cannot conclude that permitting Extraction leave to amend or supplement its pleading would unduly prejudice Defendant. "Courts typically find prejudice only when the amendment unfairly affects the defendants in 'terms of preparing their defense to the amendment.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* On the other hand, "the addition of potentially clarifying facts does not unfairly affect defendant's ability to defend this lawsuit." *Galvan v. First Vehicle Servs., Inc.*, No. 19-cv-02143-PAB-KMT, 2020 WL 1166857, at *4 (D. Colo. Mar. 11, 2020). While Broomfield has already filed a Motion to Dismiss, "any prejudice to [Broomfield] is slight because [it] will be able to file substantially

similar briefing" in response to the amended pleading. *Faircloth v. Hickenlooper*, No. 18-cv-01249-RM-STV, 2019 WL 1002935, at *3 (D. Colo. Mar. 1, 2019). The court does not find that the pending Motion to Dismiss is an appropriate basis to deny amendment here, particularly where material events have occurred in the state-court proceedings during the pendency of this federal action.

Finally, insofar as Broomfield asserts that Extraction should not be permitted to amend its pleading "every time Broomfield acts, or contemplates action," the court respectfully does not find a basis in the record for such a concern; indeed, Extraction sought leave to amend only after the reversals of its criminal convictions, an arguably significant development in the present matter. *See* [Doc. 65]. Accordingly, the court does not find a basis to deny leave to amend here.

### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)  Extraction's Opposed Motion for Leave to File Second Amended and Supplemental Complaint [Doc. 66] is **GRANTED**;

(2)  The Second Amended Complaint [Doc. 67] is **ACCEPTED** for filing;

(3)  Broomfield shall answer or otherwise respond to the Second Amended Complaint [Doc. 67] on or before **March 23, 2022**;

(4)  The deadline for joinder of parties and amendment of pleadings is **SET** for **March 9, 2022**; and

(5)     On or before **March 14, 2022**, Broomfield shall **SHOW CAUSE**, in writing, why
        its pending Motion to Dismiss [Doc. 33] is not moot in light of the Second
        Amended Complaint [Doc. 67].


DATED:  March 9, 2022                          BY THE COURT:

                                               _____
                                               Nina Y. Wang
                                               United States Magistrate Judge